Good morning, Your Honors. My name is Thomas Quells. I represent the Petitioner Alquandre Turner. And in this case, the State Court's October 21, 2014, amended judgment replaced an invalid judgment of sentence and conviction with a valid one. What that means for the purposes of this case is that the amended judgment constitutes a new intervening judgment for Federal habeas purposes. So the Federal District Court's June 1, 2017 order dismissing Turner's habeas petition as successive was therefore in error. My conclusion is supported by a number of things, but one of them is this Court's decision in Gonzales v. Sherman. Now, Gonzales was a California case, right? It's true. It was a California case. Do we have any Nevada cases that would indicate that a failure to add the time served into a judgment, until you did that, it wouldn't be a valid judgment? Certainly. What we have are two things. We have a statute and then we have a Nevada Supreme Court en banc opinion. The issue is whether a judgment that has an error as far as the pre-sentence credit for time served goes is a valid judgment or not. NRS 176105 sub 1d mandates that a judgment of conviction must, uses the word must, set forth, quote, the exact amount of credit granted for time spent in confinement before conviction, if any. So it doesn't use the word valid, but it does imply that in order for it to be a valid conviction, these are the things that it must have. And there are five subparts. And then you look to the decision of Griffin v. State, which is 122 Nevada 737. It's a 2006 decision from the Nevada Supreme Court, again, en banc. And it held that a claim for pre-sentence credit is a claim challenging the validity of the judgment of conviction and sentence. That's at page 1169. And, again, this is relevant because it ties back into Gonzales when it looks to the U.S. Supreme Court and Burton v. Stewart, the 2007 case that ruled that the sentence is the judgment in a criminal case. And, again, Gonzales took that and said that then the judgment of conviction that includes bellicose is exempt from the life expecting predication of judicial   And I'm anybody who's practicedwith liability show to use judicial judgment schemes, you still have a problem with timing in this, don't you? Your Honor, there may be a problem with timeliness in this case, and I want to apologize for inserting the equitable tolling issue into this case because I don't, well, it's not properly before this case, and that was my mistake because when I looked back at the federal district court's June 1st, 2017 order, it dismissed the petition solely upon the reason that it found that it was successive. Now, there was some discussion about equitable tolling, but it did not address that at all in its June 1st, 2017 dismissal. Well, doesn't that, further to Judge Tashima's point, though, even if we take equitable tolling out and if we agree with you that the judgment didn't become valid until the credit or time served was added back in, you're two and a half years late still, aren't you? And if you don't have equitable tolling, you're just dead on that issue, are you not? I believe, my looking at the timeline, I believe there's a nine-month between the remitter and when the latest habeas petition was filed. I believe that that, there may be a timeliness issue. I thought it was two and a half years. Let me see here. The, I'm sorry. October 17th, 2014 is when the court issued the amended judgment, and the habeas petition was filed April 17th, 2017, which is about two and a half years later. There was an intervening Supreme Court appeal, and the remitter from that came down on July 6th. But that had nothing to do with the issue of the new judgment, did it? Yes, Your Honor. And so the judgment doesn't become a final judgment until after the remitter from the Nevada Supreme Court is issued, which is, again, July 6th, 2015, according to my review. And then the new habeas is filed on March 9th, 2017. So there is a nine-month issue there that has nothing to do with the issue of the new judgment. Wait a minute. Wait a minute. You said July 6th, 2015, and the new one was filed in 2017 in March? That's more than nine months, is it not? Well, let's see. There's, like, 20 years. So July 6th, 2016. Oh, you said 16. I thought you said 15. Right. Well, that's when it, that's You mean nine months after the one-year expired? Yes, Your Honor. And again, we don't have, the problem is we don't have any findings as to that issue, and the record isn't really developed below as to whether there's equitable tolling in that nine-month thing. But you said we're not going to consider equitable tolling. It shouldn't have been in here. So it looks like a straight statute, do we not? I'm sorry. Can you repeat that? In other words, if I understood what you said a minute ago, you said you didn't mean to put in the equitable tolling argument. So if we put that aside, then what we have to look at is the date on which the amended judgment became effective, if your earlier argument is correct, and then we see when your new habeas was filed. And if it's more than a year, you've got a statute problem, right? In other words, I mean, you're nine months short. So why should, you know, you be able to proceed further? Again, the district court, there may be an equitable tolling argument. The district court did not address the timeliness. Well, did you make that argument in the district court? I didn't have the case at the district court, Your Honor. I was only appointed. No, when I say you, I mean the Petitioner. The Petitioner was in pro per. And so he made some equitable tolling arguments. I don't know if he explained the nine-month delay or not. He explained equitable tolling arguments throughout this thing. Bottom line, though, to answer to my colleagues and my question, without equitable tolling, you're out of luck because of the timing, even if your earlier argument is correct. You're now saying you need to consider equitable tolling. My colleague asked whether it was raised before the district court. You say yes, maybe yes, maybe no. But the bottom line is that without that, and if it wasn't diligent, et cetera, et cetera, he's out of luck. Right? I believe that's true, Your Honor. Unfortunately, we don't have any findings from the federal district court as to timing or equitable tolling. But we can't produce those. We have to rely upon the record. And if there's nothing in the record or your client meets the requirements of equitable tolling, such as diligence, you know, we can't help you, can we, on that point? The court can help at this point as to the only issue that I think is properly here, which is the successive. No, I get that. I get that. We certainly could help you on that if we agree with you. But I'm just saying, and as is Judge Tashima, the problem is, even if you're right about that, he didn't file his what would be an original habeas off of that particular amended judgment until the time period had expired. He has to have equitable tolling to make it up, and he didn't argue what he needed to to do that. I guess, again, with a caveat that I don't think that's properly here, the one potential argument is that Gonzalez wasn't decided until 2017. And so he did not have notice of the fact that he may have a claim for the adjusted credit for time served. But even if you're right about that, I don't think I would agree with you on that, but even if you're right about that, if you win on that point here, if we agree with you that Nevada, we ought to do the same thing under Nevada law that our court did in Gonzalez with respect to California law, it doesn't change the fact that once your client got the amended judgment that a time period passed thereafter, that it became time barred. And the Gonzalez case had nothing to do with that because he would have used the logic of Gonzalez to get the result that he wanted to get away from the second or successive petition problem, right? Could have, but again, it depends on whether Gonzalez provided the necessary notice, whether that claim was available prior to the decision in Gonzalez. But even if it was, that doesn't answer your statute of limitations problem, does it? I think it does if there's not, if the window isn't there prior to Gonzalez. I think we've taken you past your time. Any other questions about my colleague? No.  Thank you, counsel. Mayor from the state. May it please the court, Heidi Stern on behalf of respondents. I'll start by addressing the timeliness issue. And as the court has pointed out, the appeal in this case from the amended judgment was decided by the Nevada Supreme Court in July 2015. Petitioner did not file his federal habeas petition until April of 2017. So it is untimely absent equitable tolling. Just to provide a little bit of background about what happened with equitable tolling in the district court, the district court handled this case sua sponte and issued an order to show cause, essentially asking petitioner to respond to the timeliness argument. Petitioner did file a response to that. It's document number seven in the district court, where he basically didn't address any timeliness related to the amended judgment, instead re-arguing, trying to re-argue his equitable tolling argument from the previous judgment, which had been an issue in his previously untimely federal petition. So that's what happened here with equitable tolling. And it is the case. Yes. Can you, like, distill for us in a nutshell what the petitioner, I guess he was pro se then, said in his response to the OSC? Sure. Yeah. What was his position on timeliness? His position was, and if you'll excuse me, I'm going to go ahead and refer to his response here because it's a little confusing. He argued that the fact that the United States district court had dismissed his previous federal habeas petition for failure to pay a filing fee constituted an extraordinary circumstance, and that the United States district court had misled him as to his ability to file in that court. He also argued that because he had submitted what was actually titled a state habeas petition in the federal court and that the federal court had not alerted him to that, that that was, it was basically the United States district court's fault and that was his extraordinary circumstance. And that referred to the earlier, I'm sorry. Correct. That referred to his challenge to the original judgment. And did the court or the magistrate judge respond to the petitioner's answer to the OSC? Was there some kind of order issued on that? Not directly. What the court then did was to dismiss the case on the successiveness ground without referring back to equitable timing. That's all the court addressed was on the SOS ground. I believe so, yeah. All right. Although the court does address timeliness in its first order to show cause. So it does raise that issue and says it's untimely. Please explain to us why it wouldn't be. So I believe there are two findings from the district court. One is on timeliness. That's the order to show cause. And the second would be on the successive petition, which is this appeal. So from your perspective, and it's the State in this case, I gather, right? Yes. From your perspective, really the defendant has given no basis for equitable relief. Referred to an earlier habeas filing, not the one he was going to get, maybe. And just to be clear, that was also rejected previously. His equitable tolling argument was already rejected, and then he made it again here. And, in fact, his argument there was a second or successive claim about the earlier one, in effect. No, I don't think he ever made it. I don't think he made that any reference to that particular argument. That was the district court sui sponte finding that. But the court did note that – well, maybe not. Maybe I misunderstood. Somebody referred to the July 6, 2015 date, which is the date of the new judgment, right? Yes. I have July 15, but, yes, 2015. Okay. Yes. Okay. But if either one of those dates is correct, which I assume they are, then he had a period of time to file and he didn't do it within that time period. Correct. And I can refer this court to the page of the docket. Okay. So we attached the Washoe County docket just to show what happened in this case. And so this is at docket entry 14-2, and that shows when his motion to amend the judgment was filed. It shows when the amended judgment was issued, and then it shows the appeal from that. And then on the next page, 14-2, page 6, it shows the date that the Nevada Supreme Court affirmed that decision, on that 7-15-15. Where does the date on which the Gonzales case was decided? Where does that date fit in, in the timeline of this case? Okay. The date of the Gonzales was 2017, October, I believe. So it was after the Nevada Supreme Court rendered its decision. It was, I'm trying to see. It was also after he filed his habeas petition in the district court. His Federal habeas petition. Yes. It was after that as well. Was it before the federal district court denied the federal habeas petition? Before that order? Before the order of the district court dismissing the federal writ of habeas corpus? Just one moment, and I will look for that. Hang on. So we have the show cause order, which was June. And then, sorry. I apologize, Your Honor. I'm sorry. I have it here somewhere. That's fine. Go ahead with your argument. Would you like me to continue? I apologize. So I think there's no question here that this was a late petition. There's also no question that Petitioner never established any reason for equitable tolling. Moving on to the other issue in this case, it's certainly the Respondent's position that while Gonzalez answered the question of whether this would be a successive petition for the State of California, it did not do so for Nevada. And I have provided the Court with a couple of additional citations just that I wanted to bring to your attention. These are precedents from the Ninth Circuit, issued recently, one in 2017, one in 2018. And in both of these cases, they are 2255 cases, but their analysis, I think, applies here as well, which is that not every case that changes the length of a prisoner's sentence results in a new judgment. And in these cases, U.S. v. Buenrostro and Sherrod v. United States, this Court crucial aspect of analyzing whether a new judgment, whether there is a new judgment is whether the old judgment was rendered invalid. And it is Respondent's position that in Nevada, the credits are part of the sentence, and there is a statute that says they should be included in the judgment of conviction. But there is no finding, such as there is in California, that the prior judgment is invalid if it doesn't include those credits. So it's our position that this type of change is a clerical, technical change. And if you look at the briefing in the State Court below, there was no disagreement that Mr. Turner was entitled to these pre-sentence credits. The PSI included the number. It was just that it needed to be included on the paper so that the Department of Corrections could apply that to his sentence. But the crucial factor, and Gonzales backs this up, it says in Gonzales that critically the only sentence, only a sentence awarding all these credits is valid in California. There is no such statement in Nevada. And so ‑‑ Yes. In the remaining time, your opponent indicated that he should not have brought up equitable tolling because it was not addressed before the district court. If I understood what you said, it actually was addressed, right? It was, yes, correct. But it was addressed with respect to the earlier filing. That's certainly not what the court asked Petitioner to address. It's just what Petitioner did actually address, yes. And the OSC asked for a response. He talked about equitable tolling, blamed the court for what happened in the earlier filing. Correct. Is that right? Yep, that's correct. Other questions by my colleague? Other questions? No. Thank you, Your Honor. Thank you both for your argument. We appreciate it. The case just argued is submitted.
judges: Tashima, M. Smith, Piersol